PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TOMMY LYNN MORRIS,<br>Personal Representative of the<br>ESTATE of THOMAS LYNN MORRIS | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| MID-CENTURY INSURANCE<br>COMPANY, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

CASE NO.  4:11CV1836

JUDGE BENITA Y. PEARSON

**MEMORANDUM OF OPINION
AND ORDER** [Resolving ECF No. 25]

## I.  INTRODUCTION

Before the Court is Plaintiff Tommy Lynn Morris, Personal Representative of the Estate of Thomas Lynn Morris' Motion to Amend the Court's Order (ECF No. 23) issued on April 30, 2012  Denying Plaintiff's Motion for Remand and Granting Defendants' Motion to Transfer (ECF No. 25).  In the instant motion, Plaintiff seeks to modify the Court's order to include language that would permit Plaintiff to obtain an Interlocutory Appeal, pursuant to 28 U.S.C. § 1292(b).  ECF No. 25.

Under 28 U.S.C. § 1292(b), the Court of Appeals will have jurisdiction over an interlocutory appeal if the district judge is of the opinion that: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate

(4:11CV1836)

conclusion of the litigation.  *See Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993)*.  "Review under § 1292(b) should be sparingly granted and then only in exceptional cases."  *Id*.

      After careful consideration of the status and circumstances of this case, the Court concludes that this case is not appropriate for certification under § 1292(b).  Specifically, the Court does not find that its April 30, 2012 Order transferring this case to the United States District Court for the Southern District of Indiana, involves either a controlling question of law or is one in which there exists *substantial* ground for difference of opinion regarding the correctness of the decision.  Nor does the Court find that an appeal of the decision would advance the ultimate termination of the litigation.  Rather, an immediate appeal at this stage would further delay the resolution of any substantive legal issues that this case presents.  Accordingly, the instant motion is denied.


      IT IS SO ORDERED.


May 3, 2012                                 */s/ Benita Y. Pearson*
Date                                           Benita Y. Pearson
                                             United States District Judge